**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DANA LONG** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  **Civil Action No.:** |
| | ) |
| **SYNDICATED OFFICE SYSTEMS** | ) |
| **D/B/A AS CENTRAL FINANCIAL** | ) |
| **CONTROL; FIRST PREMIER BANK** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff by and through counsel, in the above styled cause, and for her Complaint against the Defendants and state as follows:

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"])[1] regarding inaccurate entries on her credit reports and violations of other applicable federal laws by Defendants, who are considered to be a "debt collectors" under the FDCPA. Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331

2. This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

---

[1] Any reference to the Fair Debt Collection Practices Act or any part thereof encompasses all relevant parts and subparts thereto.

3. The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4. The Plaintiff, Dana Long ("Long" or "Plaintiff"), is a natural person.

5. Defendant Syndicated Office Systems d/b/a Central Financial Control ("SOS" or "Defendant") is a foreign company that engages in the collection of debts in this judicial district.

6. Defendant First Premier Bank ("First Premier" or "Defendant") is a foreign company that doing business in this judicial district.

## FACTUAL ALLEGATIONS

7. Plaintiff filed bankruptcy and was discharged on January 1, 2007, with all Defendants receiving a copy of the discharge order. The case number was 06-03715-BGC7.

8. Despite the court order, the Defendants have continued to report Plaintiff's accounts to one or more of the three national consumer-reporting agencies ("CRAs") as having a current balance owed and not showing the accounts as being discharged in bankruptcy as follows:

   a. Defendant SOS shows a balance of $717.00 for account #18037XXX with Equifax.

   b. Defendant SOS shows a balance of $31.00 for account #18748XXX with Equifax, Experian and Transunion.

   c. Defendant First Premier shows a balance of $419.00 for account #517b00713540XXX with Equifax.

9. Defendants have intentionally not reported to the CRAs that the accounts should have a zero balance and were included in the Bankruptcy.

10. Defendants have intentionally and maliciously refused to report the true balance to the CRAs when Defendants knew that the debts were discharged in bankruptcy.

11. The effect of these errors on Plaintiff's credit reports has been to negatively impact Plaintiff's credit reports, credit worthiness, and credit scores.

12. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish and other damages that will be presented to the jury.

13. Defendants knew and know that a discharge order means the Plaintiff no longer owes the debts and has no personal liability to Defendants, but the Defendants have made a corporate decision to willfully and maliciously act contrary to its knowledge in its calculated decision to violate the requirements to properly update the Plaintiff's accounts.

14. The Defendants have a policy and procedure to refuse to properly update credit reports of consumers, like the Plaintiff's, who have discharged the debts. The reason is to keep false information on the credit report. The false information consists of a balance shown as owed (when Defendants have known since discharge that no balance is owed) and no reference to the debt being discharged in Bankruptcy.

15. Defendants update dozens or more accounts each month with allegedly the correct information regarding the balance but have willfully and maliciously refused to do so with Plaintiff and with other consumers who are similarly situated who have also received a discharge order on Defendants' debts.

16. The Defendants have willfully and maliciously failed to report the accounts as having a "0" balance as required by 16 CFR § 607 (6), which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

17. The Defendants have promised through its subscriber agreements or contracts with the CRAs to update accounts that have been discharged in bankruptcy but the Defendants have willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the Fair Credit Reporting Act, FDCPA, federal law and state law which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

18. The Defendants have a policy to "park" its accounts on at least one of the Plaintiff's credit reports. This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

19. In the context of parking an account, the Defendants have an obligation and duty under federal and state law to accurately report the balance and the Defendants willfully and maliciously refuse to do so.

20. The Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit reports are accessed and this is the malicious and intentional design behind the Defendants' actions with the goal to

4

force the Plaintiff (and similarly situated consumers) to pay on an account the Plaintiff does not owe.

21. The credit reports of Plaintiff have been accessed since the discharge and therefore the false information of the Defendants have been published to third parties – which is what the Defendants intended to happen.

22. When the consumer pays the "parked" account, the Defendants claim that such payment was purely "voluntarily" or was to pay off a "moral obligation". The Defendants know and intend that by willfully and maliciously parking the account on the credit report, illegal payment can be extorted from the consumer.

23. Despite receiving disputes that the Defendants' reporting on accounts included in bankruptcy was false, the Defendants have intentionally and knowingly not corrected their policy of keeping false and damaging information on at least one of the Plaintiff's credit reports.

24. It is a practice of the Defendants to maliciously, willfully, recklessly, wantonly, and/or negligently violate, ignore, and refuse to follow the requirements of the FCRA, FDCPA, federal and state law.

25. All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

26. All actions taken by Defendants were done with malice, were done wantonly, recklessly, intentionally or willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the law.

27. Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and such the Defendant is subject to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendants and similar companies.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

29. Defendant SOS is a debt collector under the FDCPA and violated the FDCPA in numerous ways, including, but not limited to, the following:

    a. Falsely reporting a balance owed on Plaintiff's credit report;

    b. Falsely attempting to collect a debt (through the reporting of a balance) when there is no legal right to collect the discharged debt;

    c. Refusing to properly update the account; and

    d. Failing to show the account as being "disputed" by Plaintiffs.

30. Plaintiff has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

### SECOND CLAIM FOR RELIEF
### State Law Claims

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

32. Defendants published false information about Plaintiff by reporting the Defendants' accounts with a false balance. Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendants.

33. Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

34. Defendants assumed a duty, through the subscriber agreement with the CRAs and by other actions, to accurately report the balances after individuals, like the Plaintiff, received a discharge.

35. Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

36. It was foreseeable, and Defendants did in fact foresee it, that refusing to properly update would cause the exact type of harm suffered by the Plaintiff.

37. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.  This includes the initial reporting of Defendants' accounts; the handling of any investigations on the accounts; the intentional refusal to properly update the accounts; and all other aspects as set forth in this Complaint.

38. Defendants invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations.

39. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

## **RELIEF SOUGHT**

40. An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

41. Plaintiff also requests all further relief to which Plaintiff is entitled, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiffs**

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL  35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiffs**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
(205) 714-7177  *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

Syndicated Office Systems d/b/a Central Financial Control
c/o The Corporation Company
2000 Interstate Park Drive, Ste. 204
Montgomery, AL 36109

First Premier Bank
c/o Dana J. Dykhouse
601 S. Minnesota Avenue
Sioux Falls, SD 57104-4824l